# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:21-cr-0027 |
| **RUSSELL ROBINSON,** | ) |
| Defendant. | ) |

**APPEARANCES:**

**DELIA L. SMITH, UNITED STATES ATTORNEY**
**KYLE PAYNE, ASSISTANT UNITED STATES ATTORNEY**
UNITED STATES ATTORNEY'S OFFICE
ST. THOMAS, U.S. VIRGIN ISLANDS
    *FOR THE UNITED STATES OF AMERICA*

**RUSSELL ROBINSON,** *PRO SE*
METROPOLITAN DETENTION CENTER - GUAYNABO
GUAYNABO, PUERTO RICO

## MEMORANDUM OPINION

**ROBERT A. MOLLOY, Chief Judge**

**BEFORE THE COURT** is Defendant Russell Robinson's ("Robinson") motion to dismiss the indictment based on a violation of his statutory and constitutional right to a speedy and public trial, filed on February 29, 2024. (ECF No. 448.) The Government filed an opposition on March 7, 2024, ECF No. 455, and Robinson filed a reply on March 8, 2024. (ECF No. 457.) For the reasons stated below, the Court will deny the motion.

I.

Robinson filed the instant motion seeking dismissal on two separate grounds. As for the first ground, Robinson argues that his rights under the Speedy Trial Act, codified at 18

*United States v. Robinson et al*
Case No.: 3:21-cr-0027
Memorandum Opinion
Page 2 of 11

U.S.C. § 3161, *et seq.*, have been violated. According to Robinson, at least 85 non-excludable days will have elapsed from the day the Court ordered a mistrial on June 15, 2023, to his upcoming retrial on March 11, 2024.[1] Since Robinson believes the 70th non-excludable day has already elapsed, he argues that section 3162(a)(2) of the Speedy Trial Act mandates dismissal of the Indictment in this case. Robinson's first claim is unsupported by the record.

Under the Speedy Trial Act, a defendant must be tried within seventy days from the date of the filing of the information or indictment or from the date the defendant appears before an officer of the court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1). If a defendant goes to trial and the Court grants a mistrial, however, the speedy trial clock restarts and begins to run upon the Court ordering a mistrial. *See* 18 U.S.C. § 3161(e).[2] Although a defendant must be tried within seventy days of the Court ordering a mistrial under the Speedy Trial Act, several periods of time are expressly excluded from the statute's prescribed seventy-day period. *See United States v. Williams*, 917 F.3d 195, 200 (3d Cir. 2019).[3] Notable for the purposes of this case are the exclusions of time provided for under Section sections 3161(h)(1)(D) and 3161(h)(1)(H). Under section 3161(h)(1)(H), if a party files a motion and the court elects not to hold a hearing on the motion, the speedy trial clock stops on the date the motion is filed, and starts ticking again after the court has ruled

---

[1] Later in Robinson's motion, however, he argues that at least 90 non-excludable days had elapsed since his mistrial.

[2] "If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e).

[3] If the specified events occur, the time is automatically excluded from the speedy trial clock regardless of whether the triggering event actually caused a pretrial delay. *See United States v. Tinklenberg*, 563 U.S. 647, 660 (2011).

on the motion but no later than "a maximum of thirty days after [the court] has 'received all the papers it reasonably expects' from the parties." *United States v. Adams*, 36 F.4th 137, 148 (3d Cir. 2022) (quoting *Henderson v. United States*, 476 U.S. 321, 329 (1986)). However, if the court schedules a hearing on a motion, there is no 30-day limit, and instead, all time between the filing of the motion through the date of the hearing is excluded from the 70-day clock even if the hearing is not prompt. *See Adams*, 36 F.4th at 148. With these considerations in mind, the Court turns to the speedy trial clock calculations at issue in this case.

The Court must first determine when the speedy trial clock started. The Court issued the order granting Robinson's motion for a mistrial on June 15, 2023. (ECF No. 226.) Therefore, pursuant to 18 U.S.C. § 3161(e), the speedy trial clock began to run the next day.[4] Thus, absent any delays, Robinson's case would need to proceed to trial no later than August 24, 2023. However, given Robinson's unrelenting barrage of motions, the speedy trial clock has been tolled for a substantial amount of time.

The first event tolling the speedy trial clock was Robinson's motion on June 16, 2023, seeking reconsideration of revocation. *See* ECF No. 229. Robinson's motion for reconsideration was filed on the first day the speedy trial clock began, therefore, the motion immediately tolled the clock.[5] Since the Court resolved Robinson's motion within thirty days of receiving all the briefing on the matter, the entire period from June 16, 2023, to July 12,

---

[4] *See United States v. Lattany*, 982 F.2d 866, 873 (3d Cir. 1992) ("In calculating includable time, both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded.").

[5] *See United States v. Williams,* 511 F.3d 1044, 1051 n.5 (10th Cir. 2007) ("We ... assume in our calculations that the excludable period from the filing of the motion through the conclusion ... of such motion includes both the date of resolution of any pretrial motion *and* the date of filing." (second omission in original) (internal quotation marks omitted)).

2023 (the date the Court ruled on the motion), is properly excluded from the speedy trial clock pursuant to section 3161(h)(1)(H).

The time from July 12, 2023, through November 8, 2023, was properly tolled as well. On July 6, 2023, Robinson filed his motion to dismiss on double jeopardy grounds. (ECF No. 253.) The Court scheduled the motion for a hearing on October 26, 2023, and rendered its opinion on the motion on November 8, 2023. *See* ECF Nos. 268 and 412. Because section 3161(h)(1)(D) excludes all time from the date of Robinson's motion to the date of the hearing, the period from July 12, 2023, to October 26, 2023, is excludable time. Additionally, the time from October 26, 2023, to November 8, 2023, must be excluded as well. Once a hearing has concluded and the court has all the materials necessary to rule on the motion, the matter formally goes "under advisement." *See Henderson*, 476 U.S. at 331-332. While a motion is under advisement following a hearing, the speedy trial clock may be tolled for a maximum of thirty additional days. *See Adams*, 36 F.4th at 147-48; *see also United States v. Davenport*, 935 F.2d 1223 (11th Cir. 1991) ("Once the hearing is concluded, the motion is treated exactly like a motion for which no hearing is required. If the court has all materials necessary to rule on the motion, the court is deemed to have taken the motion under advisement immediately following the hearing and § 3161(h)(1)([H]) permits no more than thirty additional days to be excluded.").

Here, since there was no additional briefing after the evidentiary hearing on October 26, the Court had 30 days from the date of the hearing to rule on the motion before the speedy trial clock began to tick again. The Court issued its opinion on the motion on November 8, 2023. Because the Court ruled on the motion within 30 days of the matter going

under advisement, the entire period from October 26, 2023, to November 8, 2023, is also properly excluded from the 70-day speedy trial clock.

The next period of time the Court finds excludable is November 8, 2023, to December 29, 2023. On November 3, 2023, Robinson filed a motion to dismiss the Superseding Indictment due to the "Pure Legal Impossibility" contained therein. ECF No. 407. The Government filed its response to Robinson's motion on November 16, 2023, and Robinson filed his reply on November 22, 2023. (ECF Nos. 419 and 429.) Accordingly, the Court received all the materials it could reasonably expect regarding the motion when the Court received Robinson's reply brief on November 29, 2023. From there, the matter was under advisement for a maximum of 30 more days. As such, the period from November 8, 2023, until December 29, 2023, must be excluded from the speedy trial clock pursuant to section 3161(h)(1)(H).

Robinson's motion seemingly ignores this entire period of excludable time discussed above and instead tries to argue that the Court's Order granting the Government's request for a continuance on November 21, 2023, does not support excluding time under the speedy trial clock. Therefore, Robinson contends that because the time excluded in the Court's November 21, 2023, order is invalid, more than 70 non-excludable days will have elapsed once his retrial begins on March 11, 2024.

As a preliminary matter, the Court does not find its November 21, 2023 Order tolling the speedy trial clock to be invalid. As the Court explained in the order, an ends of justice continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) may be supported by the unavailability of Government counsel. *See* ECF No. 424 (collecting cases).

However, even assuming arguendo that Robinson is correct, and the Government's motion to continue did not support excluding time under the Speedy Trial Act, the time otherwise excluded is more than enough to defeat his Speedy Trial Act claim. As mentioned above, the time from June 15, 2023, to December 22, 2023, has been completely excluded from Robinson's 70-day speedy trial clock. While Robinson argues that the Court must measure the time from the day the Court ordered a mistrial[6] to March 11, 2024—the day this case is currently scheduled for trial—he is mistaken. The proper measurement of the relevant period is from the date of the order declaring a mistrial to the date Robinson filed his instant motion. *See United States v. Connor*, 926 F.2d 81, 84 (1st Cir. 1991) ("[A] motion for dismissal [under the Speedy Trial Act] is effective only for periods of time which antedate the filing of the motion. Subsequent periods of delay, whether includable or excludable, are inconsequential."). The Court may not consider any time after the motion is filed because that period of time is necessarily tolled by the motion itself. Accordingly, the Court is to count the non-excludable days from December 29, 2023, to February 29, 2024. Assuming that the whole period is non-excludable, that period only constitutes 60 total days.[7] As such, Robinson's Speedy Trial Act claim fails to show that 70 non-excludable days have elapsed, even under a more favorable reading of the record.

---

[6] While Robinson seems to insist that the speedy trial clock started the day the Court orally granted his request for a mistrial, that assumption is incorrect. The clock was not triggered until the Court issued its written order declaring a mistrial. 18 U.S.C.A. § 3161(e) ("[T]he trial shall commence within seventy days from the date the action occasioning the retrial becomes final.").

[7] Because at most, only 60 non-excludable days have elapsed, Robinson's argument with regard to 18 U.S.C. 3164 is meritless. Robinson's own citation explains that the excludable time under section 3161(h) applies equally to the 90-day period under section 3164. *See United States v. Mendoza*, 663 F. Supp. 1043 (D.N.J. 1987). Additionally, given that Robinson's own conduct caused the delay, the due process hearing the court in *Mendoza* provided in lieu of the section 3164 hearing is not appropriate.

Given that the Court finds there is no Speedy Trial Act violation present here, the Court need not consider Robinson's arguments regarding whether the delay caused any prejudice.[8] As such, the Court will move on to Robinson's second claim—his constitutional speedy trial claim.

II.

The Sixth Amendment guarantees the "right to a speedy and public trial" for all criminal defendants. U.S. Const. amend. VI. When conducting a constitutional speedy trial analysis, courts are to consider the following four factors set out by the Supreme Court in *Barker v. Wingo*: "[1] length of delay; [2] the reason for the delay; [3] the defendant's assertion of his right; and [4] prejudice to the defendant." *Kennedy v. Superintendent Dallas SCI*, 50 F.4th 377, 382 (3d Cir. 2022) (quoting *Barker v Wingo*, 407 U.S. 514, 530 (1972)). To trigger the *Barker* analysis, there must be a presumptively prejudicial delay, meaning a delay that approaches one year. *See United States v. Velazquez*, 749 F.3d 161, 174 (3d Cir. 2014) (citing *Doggett v. United States*, 505 U.S. 647 n.1 (1992)). Here, over eight months have passed since the Court declared a mistrial.[9] This amount of time is ultimately sufficient to trigger consideration of the remaining *Barker* factors, particularly since Robinson has remained in pretrial detention since the Court ordered the mistrial. *See Wells v. Petsock*, 941

---

[8] The Court also finds little merit in Robinson's argument that the lack of a date certain in the Court's Order declaring a mistrial constitutes a violation of the Speedy Trial Act that warrant dismissing the Indictment in this case. As the Third Circuit explained in *Lattany*, open-ended continuances do not violate the Speedy Trial Act so long as they are not permitted to continue for an unreasonable period of time. *See* 982 F.2d 866 (3d Cir. 1992). The time between the Court's Order declaring a mistrial and the Court's Order scheduling the trial was less than a month. *See* ECF Nos. 226 (June 15, 2023) and 255 (July 7, 2023). This period of time hardly reaches into the realm of unreasonableness.

[9] *See James v. D'Amore*, 22-cv-1120, 2024 WL 384912, at *13-14 (E.D.N.Y. Feb. 1, 2024) (measuring the Constitutional speedy trial delay from the date of the mistrial).

F.2d 253, 258 (3d Cir. 1991) (noting that defendant's 217 days of pretrial detention, while not compelling, was "long enough to require plenary inquiry into the remaining *Barker* factors); *United States v. Koller*, 956 F.2d 1408, 1413-14 (7th Cir. 1992) ("a delay of 8 months was enough to warrant an inquiry into the other three factors.").[10]

While there might have been significant delay since the Court ordered a mistrial in this case, the delay was a product of Robinson's own doing. *See Petsock*, 941 F.2d at 258 ("When the reason for the delay originates with the defendant or his counsel, such delay will not be considered for purposes of determining whether the defendant's right to a speedy trial has been infringed."). As this Memorandum Opinion demonstrates, Robinson has continually filed pretrial motions since the Court ordered the mistrial. Indeed, the most significant delay resulted from Robinson's request for a pretrial evidentiary hearing regarding his double jeopardy claims. *See United States v. Battis*, 589 F.3d 673, 679 (3d Cir. 2009) ("delay caused by the defense weighs against the defendant,") (quoting *Vermont v. Brillon*, 556 U.S. 81, 90 (2009)). The only delay that can be attributed to the Government is its request for a continuance due to witness and counsel unavailability. However, that delay, if any, is significantly outweighed by Robinson's own self-inflicted delays. *See id.* ("[W]e subtract the amount of delay caused by the defendant from the delay caused by the Government.").[11] The Court therefore finds that any delay attributable to the Government

---

[10] As will be explained below, the Court does not find that this factor indeed weighs in Robinson's favor even though he has overcome the initial presumption. The delay was not a result of the Government's negligence or bad faith in bringing the case but rather Robinson's own conduct that led to the delay. *See Kennedy*, 50 F.4th at 382.

[11] The total number of days from the Court's oral declaration of a mistrial (June 15, 2023) to the filing of the instant motion (February 29, 2024), is approximately 259 days. Of these 259 days, the Court calculates all 259 days of the delay attributable to Robinson. As noted above, Robinson filed a motion seeking reconsideration of the revocation of his pretrial release on June 16, 2023. The Court ruled on that motion on July 12, 2023.

does not amount to bad-faith or negligence in prosecuting Robinson. *See Velazquez*, 749 F.3d at 175.

The third factor only slightly favors Robinson. Robinson by no means has frequently or vigorously asserted his right to a speedy trial. *See Barker*, 407 U.S. at 529. Not only do Robinson's motions and requests for a multitude of evidentiary hearings undermine the notion that Robinson has continually pushed for a speedy trial,[12] but Robinson has routinely vacillated between asserting his right to a speedy trial and waiving it depending on his perception of the strategic advantages in the given moment. For example, when the Government originally raised the issue of continuing the November 27, 2023 trial date at a status conference on August 23, 2023, the Court specifically asked Robinson, "do you object to the continuance or not?" Robinson responded by stating "[n]ot at this point, your honor, unless something comes up that I am unaware of at this time. It was only after a change of heart that Robinson later decided to oppose the Government's motion for a continuance. Therefore, given Robinson's conduct, the Court does not believe he has been diligent in pursuing a speedy trial. Nevertheless, since the instant motion constitutes a clear assertion of his right to a speedy trial, albeit shortly before trial, the factor slightly weighs in Robinson's favor. *See Beyer*, 990 F.2d at 765 ("Where cognizable speedy trial assertions occur shortly before trial, other courts have given minimal weight to such claims.").

---

Robinson also filed a motion to dismiss based on double jeopardy on July 6, 2023. The Court ruled on that motion on November 3, 2023. Also on November 3, 2023, Robinson filed a motion to dismiss the indictment. The Court ruled on that motion on March 8, 2024. Thus, from the time the Court declared a mistrial, this case has been delayed in order for it to address Robinson's motions.

[12] *See Beyer*, 990 F.2d at 764 ("Repeated assertions of the right do not, however, balance this factor in favor of a petitioner when other actions indicate that he is unwilling or unready to go to trial.").

*United States v. Robinson et al*
Case No.: 3:21-cr-0027
Memorandum Opinion
Page 10 of 11

As for the final factor, the prejudice to the defendant from the delay, the Court is also unpersuaded that this factor supports his constitutional claim. There are three potential prejudices that may result from a prolonged trial date: (1) "oppressive pretrial incarceration," (2) "anxiety and concern of the accused," and (3) the "possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. Given that there is not a presumptive prejudice as a result of the pretrial delay, Robinson bears the burden of showing the prejudice. *See United States v. Green*, 471 F. Supp. 3d 577, 601 (M.D. Pa. 2020).

As for the first of the three bases for prejudice, the Third Circuit has found the prejudice resulting from seven months of pretrial detention is not "compelling." *See Petsock*, 941 F.2d at 258.[13] Additionally, to the extent that Robinson has raised a particularized and specific claim of anxiety and concern, Robinson must "show his anxiety extended beyond that which 'is inevitable in a criminal case.'" *Hakeem v. Beyer*, 990 F.2d 750, 762 (3d Cir. 1993) (noting that there must be some "objective manifestation of distress") (quoting *United States v. Dreyer*, 553 F.2d 112, 116 (3d Cir. 1976)). His various property issues, lack of income, and the stress imposed on his family are typical concerns associated with pretrial detention. Nevertheless, the Court recognizes that the specific deprivations Robinson has raised are significant given the length of time he has been incarcerated. Therefore, this element ultimately helps Robinson's prejudice case but does not on its own place the prejudice factor in his favor.

---

[13] To the extent that Robinson argues the current pretrial conditions are substandard, the court is not convinced.

*United States v. Robinson et al*
Case No.: 3:21-cr-0027
Memorandum Opinion
Page 11 of 11

While Robinson tries to show additional prejudice by suggesting that his memory of the event and the memory of one of his witnesses is fading, such an allegation alone is insufficient to persuasively show prejudice, particularly here, where Robinson has had no trouble purportedly recalling specific facts and events during the original trial and the more recent hearings and status conferences. *Beyer*, 990 F.2d at 763 ("General allegations that witnesses' memories have faded are insufficient to create prejudice[.]"). Robinson, at best, shows a *possibility* of prejudice to his defense. A mere possibility, however, is not enough to demonstrate prejudice. Consequently, after consideration of the three prejudice sub-factors, the Court finds the prejudice factor does not lean in Robinson's favor either.[14]

Therefore, because a consideration of the four *Barker* factors weighs against a finding of a Sixth Amendment speedy trial violation, the Court will also reject Robinson's constitutional claim.

III.

For the reasons stated above, the Court will deny Robinson's motion seeking a dismissal based on speedy trial grounds. An appropriate Order follows.

**Dated:** March 8, 2024                     */s/ Robert A. Molloy*
                                             **ROBERT A. MOLLOY**
                                             **Chief Judge**

---

[14] While the length of delay was sufficient to trigger the *Barker* factors, it was not enough to create a presumption of prejudice. As such, the burden is on Robinson to show prejudice here.